UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID PANNELL,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:18-CV-845-JD-MGG

OPINION AND ORDER

David Pannell, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing where a disciplinary hearing officer (DHO) found him guilty of Threatening in violation of Indiana Department of Correction offense B-213 and sanctioned him with the loss of 30 days earned credit time on May 2, 2018, under case number ISP 16-06-172. ECF 1. He raises three grounds in his petition. *Id*. The Warden filed a response. ECF 7. Pannell filed a traverse and a memorandum in support with exhibits. ECF 12 and 17.

I. Ground One – Witness Testimony

In Ground One, Pannell argues he was denied due process when the DHO refused to allow live testimony from four inmates. "Chief among the due process minima outlined in *Wolff* [*v. McDonnell*, 418 U.S. 539, 566 (1974)] was the right of an inmate to call and present witnesses and documentary evidence in his defense before the disciplinary board." *Ponte v. Real*, 471 U.S. 491, 495 (1985). An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary

evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. Nevertheless, prison officials "have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Wolff*, 418 U.S. at 566. When witnesses are denied, "prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify . . .." *Ponte*, 471 U.S. at 497. However, because there are "significant limitations on an inmate's right to call witnesses, [courts] should not be too ready to exercise oversight and put aside the judgment of prison administrators . . .." *Id*. at 499. "[S]o long as the reasons are logically related to preventing undue hazards to institutional safety or correctional goals, the explanation should meet the due process requirements as outlined in *Wolff*. *Id*. at 497 (quotation marks omitted). Therefore "a constitutional challenge [for the denial of witnesses] will rarely, if ever, be successful." *Id*. at 499.

When Pannell was screened on this charge, he requested live, in person testimony from five inmate witnesses: Detrick, Smith, Metcalf, Fry, and C. Jones. ECF 7-2. Shortly thereafter, he again requested live, in person testimony from C. Jones, Fry, Metcalf, and Detrick – and added inmate J. Jones and Captain Callaway. ECF 7-3 at 1. In this habeas proceeding, he is only alleging due process concerns related to four of the inmate witnesses. Pannell argues "the DHO did not provide a legitimate penological reason for not allowing inmates D. Fry, G. Metcalf, J. Jones, and C. Detrick to appear

2

and provide live testimony at the hearing." ECF 17 at 9 (underline and quotation marks omitted).

## A. Metcalf and Fry

In the Disciplinary Hearing Report, the DHO stated, "Inmates Metcalf & Frye [sic] were not present as their expected testimony would be redundant." ECF 7-5 at 2 (typed copy of handwritten original at ECF 7-5 at 3). Nevertheless, written statements by these two inmate witnesses were submitted into evidence. ECF 7-4 at 3-8.

Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). "However, prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007). Here, Pannell's witness request explained that he expected C. Jones, Fry, Metcalf, and J. Jones to all present the same testimony. ECF 7-3 at 1. Moreover, their written statements were consistent with their expected testimony and the written statement of J. Jones. *Compare id*. and ECF 7-4 at 2-8. Therefore it was not a due process violation for the DHO to exclude the redundant testimony of Metcalf and Fry.

Pannell objects because the DHO did not check any of the boxes on the Witness Statement forms explaining why Metcalf and Fry were not allowed to testify in person. *See* ECF 7-4 at 3-8. It is unclear whether not properly completing the Witness Statement forms might have been a violation of prison rules, but habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In

3

conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Due process requires an explanation for why Metcalf and Fry did not present live testimony. *Pannell v. McBride*, 306 F.3d 499, 504 (7th Cir. 2002) *citing Ponte v. Real*, 471 U.S. 491, 497 (1985) ("[P]rison authorities ordinarily must give some explanation for disallowing live witness testimony."). Due Process does not require the explanation be provided on the Witness Statement form. *See Ponte*, 471 U.S. at 497 ("[P]rison officials may choose to explain their decision at the hearing, or they may choose to explain it 'later.'"). Here, the DHO explained at the hearing why Metcalf and Fry did not give live testimony by writing it on the Report of Disciplinary Hearing form. ECF 7-4 at 3-8 and ECF 7-5 at 2 (typed copy of handwritten original at ECF 7-5 at 3).

B. Detrick and J. Jones

In the Disciplinary Hearing Report, the DHO stated, "Witnesses J. Jones #202205 & C. Detrick #242254 present to provide testimony." ECF 7-5 at 2 (typed version at 7-5 at 3). "Witnesses Detrick & J. Jones provided testimony at 7:22 & 7:15am respectively. Inmate Pannell was refused questioning them based on policy 02-04-101 page 28 item L & did not provided questions prior to hearing." ECF 7-5 at 2 (typed version at 7-5 at 3). Pannell states under penalty of perjury, "During the disciplinary hearing, DHO denied Pannell's right to call Offenders . . . J. Jones . . . and C. Detricks [sic] to be present and provide live testimony . . . ." ECF 1 at 3. He further stated, "Offender J. Jones, DOC. # 202205, and C. Derick, DOC. # 242254, were called to the DHO's office to give their

'witness statements' nearly at the same time the DHO conducted Pannell's disciplinary hearing." *Id*. at 4.

There is no disagreement that written statements were provided. However, there is a factual dispute as to whether J. Jones or Detrick provided live testimony during the disciplinary hearing. "One side or the other has the facts wrong. If the board is right, then all constitutional requirements have been observed—[Pannell] received adequate notice, had an opportunity to present evidence, and so on. If [Pannell] is right, then the Constitution has been violated." *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006) (citation omitted). "Prison disciplinary boards . . . are not entitled to prevent the prisoner from offering material evidence. If [Pannell] is telling the truth, that's exactly what this board did. An evidentiary hearing must be held to determine what happened." *Id*. at 695.

If Detrick and J. Jones were present and provided testimony during the disciplinary hearing when Pannell was present, then there was no due process violation because Pannell had "no right to confront or cross-examine adverse witnesses in his disciplinary proceeding." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). If they testified at the hearing when Pannell was not present, there would be no due process violation if there was a legitimate reason for preventing Pannell from hearing the testimony because a DHO is "entitled to receive, and act on, information that is withheld from the prisoner and the public," *White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). However, no explanation has been given for why Pannell could not have been permitted to hear their testimony and without a legitimate reason, it would be a

5

due process violation. *Cf. Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) ("[W]e have had no trouble approving of non-disclosure where prison officials have asserted a bona fide security justification, [but w]e have never approved of a blanket policy of keeping confidential security camera videotapes . . ..");. Finally, if Detrick and J. Jones did not testify during the hearing, then there was a due process violation because prison officials have not explained why they were limited to giving written statements. *See Pannell,* 306 F.3d at 504 *citing Ponte*, 471 U.S. at 497 ("[P]rison authorities ordinarily must give some explanation for disallowing live witness testimony."). Therefore this case must be set for a hearing to resolve this factual dispute.

## II. Ground Two – Documentary Evidence

In Ground Two, Pannell argues he was denied due process when he "was denied the right to present documentary evidence without justification . . .." ECF 1 at 5. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). "However, prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007).

When Pannell was screened on this charge, he asked to submit a "United States Supreme Court Order." ECF 7-2. Shortly thereafter, he requested:

 1. Presentation of the U.S. Supreme Court's June 9, 2016, Court Order.
 2. A copy of Pannell's "Deadline Log" for the Month of June.

>3. A copy of the approved "June 9, 2016, U.S. Supreme Court Deadline Order. (Approved by Leonard and filed in the Law Library.
>4. A copy of the IDOC "Disciplinary Process For Adult Offender, Policy No. 02-04-101, Effective Date: 1/15/2011.

ECF 7-3 at 2.

In the Disciplinary Hearing Report, the DHO stated, "Requested documentary evidence # 1-4 denied as irrelevant to charge. Requested evidence #4 denied as irrelevant: this policy dated 2011 was replaced by policy dated 2015 & in effect at time of incident." ECF 7-5 at 2 (typed version at 7-5 at 3). These are legitimate explanations for refusing these documents.

Pannell was charged with orally threatening Leonard in the law library. ECF 7-1. He wanted the first three documents to show why he disagreed with Leonard and to prove she was wrong. It is understandable why he believes they are relevant. However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). It was not arbitrary or unreasonable for the DHO to have found the subject of the disagreement was not relevant to deciding whether Pannell made a threat. Even if Leonard was wrong, Pannell would not have been justified in threatening her. *Cf. Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (self-defense is not a valid defenses to assault in the context of a prison disciplinary action). The fourth document Pannell requested – a copy of an outdated policy – was also appropriately denied.

III. Ground Three – Sufficiency of the Evidence

In Ground Three, Pannell argues there was not sufficient evidence to find him guilty of threatening. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The definition of Threatening includes, "Communicating to another person a plan to physically harm, harass or intimidate that person or someone else." ECF 7-5 at 5. The conduct report stated: "Offender Pannell #963265 was upset because I (B. Leonard) informed Pannell that the paperwork he gave me was not a deadline. As I turned to walk away, Offender Pannell made the comment 'We are going to meet up one day.'

8

When he went to set down, he repeated the same comment, 'We are going to meet up one day.'" ECF 7-1. Pannell and his witnesses describe the incident differently. Pannell says he was not loud or threatening. He says, "I then informed Ms. Leonard that the prison Law Library 'Rule' which prohibits prison offenders from being placed on the prison Law Library 'Deadline List,' will result in 'us' meeting in court again." ECF 17 at 3.

"Prison disciplinary boards are entitled to resolve conflicts in the stories presented to them, as long as "some evidence" supports the decision." *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006) *citing Superintendent v. Hill*, 472 U.S. 445 (1985). Here, there is some evidence Pannell said "We are going to meet up one day." He is not alleged to have been loud or yelling. However, threats do not have to be shouted or spoken in anger.

Pannell was convicted of murder "in the stabbing death of his wife . . .." *See Pannell v. State*, 686 N.E.2d 824, 825 (Ind. 1997). So the evidence here that he twice calmly and quietly said, "We are going to meet up one day" as he walked away from a woman with whom he was having a disagreement was not arbitrarily interpreted as a threat. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct report written by Leonard based on what she heard Pannell say is sufficient evidence to have found him guilty. Therefore, there is some evidence in this record to support the finding of guilt.

This record is unclear whether the DHO accepted the version of events presented in the conduct report, but Pannell could have been found guilty even if the DHO believed Pannell's version of events that he was merely saying he was going to sue Leonard. Though Pannell had the right to sue her, it would not be arbitrary to interpret his saying he was going to meet her in court as an effort to intimidate her in violation of the rule against Threatening. "A prisoner has a First Amendment right to make grievances about conditions of confinement, [but] the prisoner must exercise that right in a manner consistent with his status as a prisoner." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (quotation marks omitted). Once Pannell stopped arguing the merits of his claimed entitlement to additional law library time and began making statements about the personal consequences Leonard would face as a result of her decision, he crossed the line from grieving unfair conditions to a personal attack.

Pannell was a prolific litigator who had filed sixteen federal lawsuits in the Northern and Southern Districts of Indiana and eight appeals with the Seventh Circuit when these events occurred on June 13, 2016. *See* https://www.pacer.gov/. So even if the DHO fully accepted his version of events about what happened in the law library that day, it would not have been arbitrary to have concluded he was guilty of Threatening because he was trying to intimidate Leonard.

## IV. Conclusion

There is a factual dispute about whether Pannell's due process rights were violated by denying him the ability to be present during the live testimony of Detrick and J. Jones. This dispute must be resolved because it is unclear why the DHO found

Pannell guilty. If the DHO believed the conduct report, then denying live testimony was not harmless because contradictory testimony could have persuaded the DHO to accept a different version of events. Though the DHO could have found Pannell guilty based on his version of events, that was not an inevitable result. It is not for this court to decide what conclusions the DHO would have drawn if Pannell's facts had been believed. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). It is possible the DHO would not have concluded that Pannell's version of events constituted a threat. Thus, it is possible the presentation of live witnesses at a hearing with Pannell would have made a difference. Therefore this court must hold a hearing to resolve the dispute about whether Pannell's due process rights were violated by denying him the ability to be present at his hearing to hear the live testimony of Detrick and J. Jones.

For these reasons, the court REFERS this case to Magistrate Judge Michael G. Gotsch, Sr., to prepare a report and recommendation after conducting an evidentiary hearing to determine the factual dispute about whether J. Jones or Detrick testified during the disciplinary hearing while David Pannell was present.

SO ORDERED on January 27, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT