UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID PANNELL,

Petitioner,

v.                                        CAUSE NO.: 3:18-CV-845-JD-MGG

WARDEN,

Respondent.

OPINION AND ORDER

David Pannell, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing where a disciplinary hearing officer (DHO) found him guilty of Threatening in violation of Indiana Department of Correction offense B-213 and sanctioned him with the loss of 30 days earned credit time on May 2, 2018, under case number ISP 16-06-172. ECF 1. The Warden filed a motion to dismiss the petition because, "the sanctions affecting the duration of his custody have been vacated and thus there is no longer a live case or controversy." ECF 19 at 2. Pannell agrees the sanctions have been vacated, but argues the voluntary cessation exception applies because "as a general rule, voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979) (quotation marks and citation omitted).

However, that exception does not apply here because the respondent has not ceased illegal conduct. To the extent there was any illegal conduct, it was completed

long ago when his prison disciplinary hearing ended. What has happened here is the respondent conceded and gave Pannell all the relief he could have obtained had he won this case. Pannell objects that his prison disciplinary hearing has been scheduled for re-hearing and he could be denied due process. The re-hearing is permissible because the Double Jeopardy Clause does not apply in prison disciplinary cases. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). That is to say, he could have been re-charged with this same offense even if this case were litigated to a final judgment. As for the possibility that he will be denied due process *again*, it was never determined he was denied due process in the prior disciplinary proceeding – and it is mere conjecture he will be denied due process in the future.

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). "Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of custody." *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998) (quotation marks omitted). Here, this disciplinary hearing has no longer extended the duration of Pannell's confinement. Therefore his continued efforts to challenge it cannot alter the fact or duration of his confinement.

If Pannell wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith. Nevertheless, if he files a notice of appeal, he may ask

the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Circuit Court along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by the District Court.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 19);

(2) DIRECTS the clerk to close this case; and

(3) DENIES David Pannell leave to proceed in forma pauperis on appeal.

SO ORDERED on March 25, 2020

                                          /s/JON E. DEGUILIO
                                          JUDGE
                                          UNITED STATES DISTRICT COURT